## Al Hard v. The State.

No. 1181.  Decided October 25, 1911.

**Murder—Escape—Affidavit.**

Where the affidavit, in regard to the escape of appellant, is in conformity with the terms of the statute, the appeal must be dismissed.

Appeal from the District Court of Wilbarger.  Tried below before the Hon. H. B. Huff.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The affidavit by the sheriff of Wilbarger County was as follows: "The undersigned, who is legally and duly qualified sheriff of said Wilbarger County, State of Texas, being duly sworn upon his oath, states that Al Hard, who was convicted in the District Court of said county, on the 14th day of February, A. D. 1911, for the offense of murder in the second degree, and sentenced to the penitentiary for five years, and who appealed from said conviction to the Court of Criminal Appeals of the State of Texas, was after his conviction placed in my custody by virtue of a commitment from said District Court, and confined by me in the county jail of Wilbarger County to abide the result of his appeal; that pending said appeal on, to wit, on the 9th night of August, A. D. 1911, the said Al Hard effected his escape from the said jail, by getting his hand through holes in cell and moving latches while the jailer had gone down the steps after water for the prisoners, and hid himself behind cell in run-around, the said Al Hard in the night-time climbed upon top of the cage cell and through an opening in the roof of the jail, and by climbing out on the top of the jail roof descended to the ground.  This opening in roof of jail was an airhole, and said Al Hard had to climb upon top of cell and to an iron rod and then climb out through this airhole to the roof, and by making a rope out of his blankets and bedclothes, let himself to the ground; and having released himself from my custody and from the custody of my deputies, fled, and succeeded in getting entirely beyond our control and out of our view and at large, and he has not since voluntarily returned, nor has he up to this time been recaptured, but is now at this time voluntarily at large by effecting said escape."

The above affidavit was duly signed and sworn to and filed in the Court of Criminal Appeals.

*R. W. Hall* and *Taylor & Jones,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder, and prosecuted his appeal to this court.  Pending the appeal,

on the night of August 9, 1911, he effected his escape and has not voluntarily returned to the custody of the sheriff of the county where he was incarcerated. The affidavit showing these facts was sworn to on the 25th day of September, 1911. The affidavit in regard to the escape of appellant is in conformity with the terms of the statute, and forms the basis of the motion to dismiss this appeal. We are of opinion the motion is well taken, and that the appeal should be dismissed, and it is accordingly so ordered.

*Dismissed.*